STATE *v.* CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Opinion delivered December 1, 1913.

1. INDICTMENT—STATUTORY OFFENSE.—An indictment for a statutory offense must state all the elements essential to constitute the offense. (Page 370.)

2. RAILROADS—DUTY TO PROVIDE CRIER.—Act 146, page 353, Acts of 1907, which povides that "at all junctions where two or more trains connect," the railroad companies operating passenger trains at such junction shall provide and have on duty a crier, who shall cry out the departure of trains, etc, *held* to apply only to a junction where the trains of two or more railroads, when on schedule time, arrive and depart at or near the same time. (Page 370.)

3. RAILROADS—FAILURE TO PROVIDE CRIER AT JUNCTION POINT—INDICTMENT.—An indictment under Act 146, page 353, Acts of 1907, which does not allege that the railroad company indicted failed to maintain a crier at a point which was a junction where two or more trains connect, will be held bad on demurrer. (Page 370.)

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellant.

The indictments charge the offense in the language of the statute, which is ordinarily held sufficient. 100 Ark. 412.

"No indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected by any defect which does not tend to the prejudice of the sub-

stantial rights of the defendant or the merits." Kirby's Digest, § 2229.

*Thos. S. Buzbee* and *Jno. T. Hicks,* for appellee; J. *Merrick Moore,* of counsel.

The demurrer was properly sustained because the indictment fails to allege that Higginson was a junction where two or more trains connect. The indictment fails to allege that defendant failed to maintain a crier whose duty it was to cry out the departure and destination of all trains carrying passengers departing from Higginson, and the track upon which said train would depart, and therefore is defective. 83 Ark. 254.

The indictment fails to allege that the defendant was operating passenger trains in this State, and is therefore defective for want of certainty in pleading. 68 Ark. 251, and cases; 67 Ark. 308.

The reference in the indictment to train No: 609 as a passenger train is not a compliance with the rule which requires a direct and specific allegation to the effect that the train was carrying passengers, or that the defendant was operating passenger trains in this State, and for that reason is defective. 67 Ark. 308; 47 Ark. 488; 30 Ark. 496; 67 N. Y. 15.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, in reply.

In charging a statutory crime, it is not necessary to charge same in the exact words of the statute, provided words of similar import are used. 98 Ark. 575, 578.

The language used in the indictment was sufficient to apprise appellee of its failure to comply with the act in question.

Hart, J. The State has appealed from the judgment of the circuit court of White County sustaining a demurrer to the following indictment:

"The grand jury of White County, in the name and by the authority of the State of Arkansas, accuse the Chicago, Rock Island & Pacific Railway Company of the

crime of failing to provide a station crier, committed as follows, towit:

"That the said Chicago, Rock Island & Pacific Railway Company, the same being a railroad corporation owning and operating a line of railroad through the State of Arkansas, in the county and State aforesaid, on the 1st day of February, 1912, did then and there wilfully and unlawfully fail, refuse and neglect to provide at its station at Higginson, White County, Arkansas, the same being a junction point with the St. Louis, Iron Mountain & Southern Railway Company, a station crier, whose duty it was to cry out the departure of its passenger train No. 609, the destination thereof, and the track from which it would depart, contrary to the statute in such case made and provided, against the peace and dignity of the State of Arkansas."

The indictment was returned under the following statute:

"Section 1. That all railroad companies operating railroads in this State shall, at all junctions where two or more trains connect, require that all trains carrying passengers departing from such junction shall depart only from the station house or depot at such junction.

"Section 2. That all railroad companies operating passenger trains in this State shall provide and have on duty at such depot or station a crier, whose duty it shall be to cry out at such depot or station the departure of all trains, the destination, and the track from which any such train will depart; that such crier shall cry out such departures a sufficient time before the departure of any such trains as to give passengers ample time to reach such trains.

"Section 4. That in case of the failure of any railroad company, as herein provided by section 1, fail, refuse or neglect to provide such crier, as herein provided, shall be deemed guilty of a misdemeanor, and subject to a fine of from twenty-five dollars to one hundred dollars, and that the failure to cry out the departure of each train

shall constitute a separate offense." Acts of 1907, page 353.

An indictment for a statutory offense must state all the elements essential to constitute the offense. *Houpt* v. *State,* 100 Ark. 409; *Parker* v. *State,* 98 Ark. 575.

Article 17, section 1, of our Constitution provides that every railroad company shall have the right, with its road, to intersect, connect with, or cross any other road, and shall receive and transport each the other's passengers, tonnage, and cars, loaded or empty, without delay or discrimination. Section 4 of the act under which the indictment was found directs the penalties of the act against railroad companies coming within the provisions of section 1 of the act.

It will be noted that the act does not provide that all railroad companies operating railroads in this State shall, at all junctions where it connects with one or more lines of railroad, provide and have on duty at its station a crier, whose duty it shall be to call out the departure of all passenger trains, etc.; but it provides for a crier at all junctions where two or more trains connect. The object and purpose of the statute is for the protection of passengers and to prevent confusion in embarking on trains. We think the words, "at all junctions where two or more trains connect," mean a junction where the trains of two or more railroads, when on schedule time, arrive and depart at or near the same time. The object and purpose of the statute will then be carried out by having a crier to call out the departure of the trains, and the track from which they leave, so that passengers alighting from a train on the line of the initial carrier may safely embark on the train of the connecting carrier.

The indictment under consideration does not allege that Higginson was a junction where two or more trains connect, and, as we have already seen, this was an essential element of the offense. Therefore, the judgment of the circuit court was correct, and it will be affirmed.